IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

WILLIAM L. JOHNSON     PLAINTIFF

V.     NO. 3:11CV081-M-S

THE GEO GROUP, INC., et. al     DEFENDANTS

## REPORT AND RECOMMENDATION

On August 25, 2011, the plaintiff, an inmate currently in the custody of the Mississippi Department of Corrections, appeared before the court for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine if there exists a justiciable basis for his complaint filed under 42 U.S.C. § 1983.

In his complaint, the plaintiff asserted a claim for taking of property without due process. Specifically, the plaintiff claimed that for over a one and one half year period, he has been charged for over $3,200.00 for items allegedly purchased from the commissary that he has never received. For relief, the plaintiff wants to be reimbursed for this expense with interest.

## NO PERSONAL INVOLVEMENT

At the *Spears* hearing, the plaintiff alleged that defendant MSP Commissary Manager is liable for his failure to comply with prison policy regarding delivery of commissary items. The plaintiff explained that he gave his identification to his cell mate. When the commissary items were delivered to the plaintiff, his cell mate, with the plaintiff's identification, received the items. The plaintiff argued that this was in direct violation of prison policy. The plaintiff admitted that the MSP Commissary Manager was not responsible for the substantive loss of money or property. As to defendant Streeter, the plaintiff alleges only Streeter's only involvement was to respond to his second step grievance.

It is well settled that a state actor cannot be liable absent any personal involvement in the events which gave rise to the civil action. *Sanders-Burns v. City of Plano*, 578 F.3d 279, 290 (5th Cir. 2009) (the doctrine of respondeat superior is not cognizable in 1983 actions). Here, the

plaintiff has done nothing more than Absent the requisite personal involvement, the plaintiff's "undercover sting" has done nothing more than reveal that the MSP Commissary Manager was inattentive on this one occasion. The Manager's oversight, however, has not caused the plaintiff any harm. Given the absence of any wrongdoing or personal involvement, the plaintiff has failed to state a claim against defendant MSP Commissary Manager and he should be dismissed.

The same can be said for defendant Streeter. The plaintiff does not allege the Streeter is responsible for the loss of property or money. Streeter's only involvement is in the administrative remedy program after the loss had occurred. Streeter should also be dismissed.

## CONCLUSION

It is the recommendation of the undersigned, therefore, that defendants MSP Commissary Manager and Streeter be dismissed for the plaintiff's failure to state a claim. Process shall issue for the remaining defendants.

## OBJECTIONS

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within fourteen days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within fourteen days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court. *Douglass v. United Services Automobile Assoication*, 79 F.3d 1415 (5th Cir. 1996).

The Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within fourteen days of this date. The Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 26TH day of August, 2011.

                                                /s/ David Sanders
                                           UNITED STATES MAGISTRATE JUDGE