IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

WILLIAM L. JOHNSON (#100073)                                          PLAINTIFF

vs.                                         CIVIL ACTION NO.: 3:11cv81-MPM-DAS

THE GEO GROUP, INC., ET AL.                                          DEFENDANTS

**OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

  Plaintiff, an inmate in the custody of the Mississippi Department of Corrections proceeding pro se and *in forma pauperis*, has filed a lawsuit pursuant to 42 U.S.C. § 1983, alleging that he was charged approximately $3,200 for commissary items that he never received while he was housed in the Marshall County Correctional Facility ("MCCF"). Defendants Juanita ("T.") Smith, the Business Manager at MCCF, and The GEO Group, Inc., the owner of MCCF at the time of the incidents alleged in the complaint, have been sued in this action based on Plaintiff's allegation that they failed to intervene to remedy Plaintiff's complaints. Defendants have moved for summary judgment, asserting that Plaintiff's remedy for the alleged deprivations lies in State, not federal constitutional, law. Defendants also assert that Plaintiff seeks to hold Defendants liable under a theory of vicarious liability, which is not sufficient to support a claim under § 1983. Plaintiff has responded to the motion for summary judgment. Having fully considered the submissions of the parties and the applicable law, the Court finds that Defendants' motion should be granted, for the reasons that follow.

**Summary Judgment Standard**

  Summary judgment is proper only when the pleadings and evidence, viewed in a light

1

most favorable to the nonmoving party, illustrate that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a),(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A fact is deemed "material" if "its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (quotation omitted). Once the motion is properly supported with competent evidence, the nonmovant must show that summary judgment is inappropriate. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998); *see also Celotex*, 477 U.S. at 323. The nonmovant cannot rely upon "conclusory allegations, speculation, and unsubstantiated assertions" to satisfy his burden, but rather, must set forth specific facts showing the existence of a genuine issue as to every essential element of his claim. *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002) (citation omitted); *Morris*, 144 F.3d at 380. If the "evidence is such that a reasonable jury could return a verdict for the nonmoving party," then there is a genuine dispute as to a material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If no proof is presented, however, the Court does not assume that the nonmovant "could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

### Plaintiff's allegations

Plaintiff contends that he received an inmate account statement in August 20, 2010, and noticed that he had been charged for two commissary purchases that he placed an order for but for which he never received delivery. He filed an administrative grievance about the matter, and he received a response stating that he did receive the disputed purchases. Attached to the response were copies of his receipts for the purchases, along with copies of the order forms he

2

used to order the items. Aggrieved, Plaintiff initiated a second-step response several days later asserting that the receipts do not prove that he received the purchases, as the "received" line on the receipts do not bear his signature. Thereafter, Plaintiff wrote to the inmate accounts department at the Mississippi Department of Corrections and requested an inmate account statement from January 1, 2009 through December 2, 2010. Upon review of the statement, he saw a vast number of other dates that his account was charged for purchases he did not receive while housed at MCCF. Plaintiff maintains that he did not receive any of the purchases he ordered between January 14, 2009, and August 11, 2010, for which he was charged a total of $3,232.23. Plaintiff filed a grievance to dispute these newly discovered charges. The response he received stated that he failed to provide sufficient evidence to rebut the facility's records that all of the commissary orders were received.

Plaintiff asserts that the procedure for ordering commissary items is as follows. First, orders are submitted to the facility canteen manager on set days. The orders are then processed through a machine that produces a receipt and deducts the inmate's account for the amount of purchase. The receipts are faxed to Keefe Commissary Network, a third named Defendant in this action, which packages the order and delivers it to the appropriate facility. The commissary manager at the facility is responsible for delivering the ordered items to the appropriate inmate, who is required to sign a receipt of delivery before receiving his purchases.

Plaintiff maintains that the sheer number of commissary purchases that he failed to receive preclude a finding that Defendants' actions were merely negligent. He further maintains that the Defendants knew of his complaints and failed to act to remedy the taking of his property, thereby subjecting them to liability in this § 1983 action.

## Defendants' Allegations

Defendants maintain that Plaintiff's claims, to the extent that they assert negligence, fail as a matter of law under 42 U.S.C. § 1983. They otherwise argue that adequate State post-deprivation remedies exist to address Plaintiff's claims, thereby precluding a finding that the misconduct alleged in the instant suit violates constitutional due process principles. Finally, they note that Defendants cannot be held liable under a theory of vicarious liability, and they maintain that Plaintiff's claims are insufficient to support a claim of supervisory liability.

## Discussion

A plaintiff may recover under § 1983 only if he shows a constitutional violation. *Lewis v. Woods*, 848 F.2d 649, 652 (5th Cir. 1988). Constitutional claims of property deprivation by prison officials as a result of random and unauthorized acts are barred by the *Paratt/Hudson* doctrine when an adequate post-deprivation remedy exists in State law. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541-44 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986). This doctrine provides "that no constitutional claim may be asserted by a plaintiff who was deprived of his liberty or property by negligent or intentional conduct of public officials, unless the state procedures under which those officials acted are unconstitutional or state law fails to afford an adequate post-deprivation remedy for their conduct." *Martin v. Dallas County, Tex.*, 822 F.2d 553, 555 (5th Cir. 1987); *see also Hudson*, 486 U.S. at 533, *Daniels*, 474 U.S. at 330-31; *White v. Epps*, 411 Fed.Appx. 731 (5th Cir. 2011).

Plaintiff bears the burden of establishing that the post-deprivation remedies available to him are inadequate. *Myers v. Klevenhagen*, 97 F.3d 91, 94-95 (5th Cir. 1996). Plaintiff argues

that Mississippi's Administrative Remedies Program is insufficient to bar his suit, because that program failed to provide him a remedy. However, Mississippi provides post-deprivation remedies for conversion of property. *See, e.g.*, Miss. Code Ann. 11-38-1, *et seq.* (claim and delivery); Miss Code Ann. § 11-37-101, *et seq.* (replevin); *Wilson v. General Motors Acceptance Corp.*, 883 So.2d 56, 68-69 (Miss. 2004) (setting forth elements for conversion claim). Additionally, the taking of an inmate's property has been found to violate Mississippi's Constitution. *See Johnson v. King*, ___ So.3d ___, 2012 WL 1003081 (Miss.App. Mar. 27, 2012) (finding violation of Mississippi's Takings Clause).

Although Plaintiff does not argue that sovereign immunity bars him from seeing post-deprivation remedies in State court, the Court takes judicial notice of the fact that the Mississippi Tort Claims Act ("MTCA") bars an inmate from bringing suit against a "governmental entity and its employees acting within the course and scope of their employment or duties[.]" Miss. Code Ann. § 11-46-9(1)(m). However, the GEO Group, Inc., is a private entity that operated MCCF, and sovereign immunity is not applicable to contractors. *See* Miss. Code Ann. § 47-5-1219(b). The GEO Group, Inc. and its employees, therefore, are "not eligible for immunity under the MTCA." *Leavitt v. Carter*, ___ So.3d ___, 2012 WL 3932761, at *4 (Miss.App. September 11, 2012). Additionally, the Fifth Circuit has found that Mississippi's post-deprivation remedies for civil *in forma pauperis* litigants satisfy due process. *Nickens v. Melton*, 38 F.3d 183, 185 (5th Cir. 1994). Therefore, Plaintiff's claims are barred by the *Paratt/Hudson* doctrine, and the Court finds that Defendants are entitled to summary judgment. The instant complaint should be

dismissed.[1]

Additionally, the Court finds that there is no vicarious liability under § 1983 applicable either to the CEO Group, Inc., or Defendant Smith. *See Monell v. Department of Social Services*, 436 U.S. 658, 691-95 (1978). The Court notes that, to the extent that Plaintiff's claim suggests entity liability, he must show an official policy, practice, or custom linked to the constitutional violation that reflects deliberate indifference to the consequences of the policy, practice, or custom. *See, e.g, Lawson v. Dallas County*, 286 F.3d 257, 263 (5th Cir. 2002). Therefore, to sustain his lawsuit under § 1983, Plaintiff must either allege each Defendant's personal participation in the alleged wrong, or prove that each Defendant was responsible for a policy or custom that, when enforced, resulted in the constitutional deprivation. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999); *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992); *McConney v. City of Houston*, 863 F.2d 1180, 1184 (5th Cir. 1989).

In this case, Plaintiff does not allege any personal wrongdoing by Defendants that led to the constitutional deprivation, nor does he maintain that the deprivation occurred because of the implementation or maintenance of a policy or custom. Rather, he maintains that liability attaches because Defendant Smith and Defendant GEO Group knew of his claim through the Administrative Remedies Program process and failed to remedy the violations. The failure to satisfactorily respond to an administrative grievance does not state a claim under § 1983 where it did not "cause or contribute" to the alleged constitutional violation. *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008); *see also Bradford v. Kuykendall*, 2005 WL 1521016, * 5 (E.D. Tex.

---

[1] Because the Court grants Defendants' motion for summary judgment on the basis that Plaintiff's claims are barred, the remaining Defendant, Keefe Commissary Network, is likewise properly dismissed from the action.

2005) ("Inmates do not have a basis for a meritorious civil rights lawsuit just because they are unhappy with grievance procedures."). Defendants are entitled to summary judgment.

## Conclusion

The Court finds that Defendants' motion for summary judgment [57] should be **GRANTED**. Defendants the GEO Group, Inc., and T. Smith are hereby **DISMISSED** from this action with prejudice. Because the Court finds that Plaintiff's claim is barred by the *Paratt/Hudson* doctrine, the Court likewise finds that the remaining defendant, Keefe Commissary Network, should likewise be **DISMISSED** from this action with prejudice. This action is therefore **DISMISSED WITH PREJUDICE**. All pending motions are **DISMISSED** as moot. A judgment consistent with this opinion and order shall enter today.

**SO ORDERED** this 15th day of November, 2012.

/s/ Michael P. Mills
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**